# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CHRISTOPHER & CARREA CHRISTOPHER, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF CALIFORNIA, *et al.*, <br><br> Defendants. | Case No.  2:21-cv-00748-JDP (PC) <br><br> ORDER GRANTING PLAINTIFFS' APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* <br><br> ECF Nos. 5 & 6 <br><br> SCREENING ORDER THAT PLAINTIFFS: <br><br> (1) FILE AN AMENDED COMPLAINT, OR <br><br> (2) STAND BY THEIR COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED <br><br> ECF No. 1 <br><br> SIXTY-DAY DEADLINE |

Plaintiffs have filed a complaint that is addressed to the Sacramento County Superior Court and seeks money damages against the state of California, Governor Gavin Newsom, the California Department of Corrections and Rehabilitation ("CDCR"), CDCR secretary Kathleen Allison, and an unknown number of "Doe" defendants. ECF No. 1 at 1.  The crux of the complaint is that correctional officers at California State Prison, Los Angeles County, allowed other inmates to attack Paul Christopher while he was speaking on the phone to his father, Carrea Christopher.  The complaint, as currently pled, does not state a cognizable claim, but I will give plaintiffs leave to amend before recommending that it be dismissed.  I will also grant both

applications to proceed *in forma pauperis*.  ECF Nos. 5 & 6.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

Plaintiffs allege that correctional officers at California State Prison, Los Angeles County, allowed or perhaps encouraged other inmates to attack Paul Christopher while he was on the phone.  The complaint fails at a fundamental level, however, because it does not describe how

each defendant was responsible for the attack. Neither Governor Newsom nor Secretary Allison are alleged to have had any knowledge of or involvement in the incident. And claims for money damages against the State of California and CDCR are barred by the Eleventh Amendment. *See Brown v. California Dept. Of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Plaintiffs can bring section 1983 claims against individual correctional officers, but those officers must be identified by name. Additionally, claims against those defendants should be brought in the Central District, where the incident giving rise to these claims occurred. If plaintiffs consent to proceed only against the correctional officers allegedly responsible for the attack, I will order that this case be transferred.

I will give plaintiffs leave to amend their complaint before recommending dismissal. If plaintiffs decide to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiffs will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiffs do not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiffs' applications to proceed *in forma pauperis*, ECF Nos. 5 & 6, is granted.

2. Within sixty days from the service of this order, plaintiffs must either file an Amended Complaint or advise the court they wish stand by their current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send each plaintiff a complaint form.[1]

---

[1] Plaintiffs should submit only a single, joint complaint, however. Each plaintiff is being sent a form because I do not know which is better suited to draft the complaint.

IT IS SO ORDERED.

Dated: __August 16, 2021__            _____
                                      JEREMY D. PETERSON
                                      UNITED STATES MAGISTRATE JUDGE