UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CHRISTOPHER AND CARREA CHRISTOPHER, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00748-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFFS' AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 15<br><br>FOURTEEN-DAY DEADLINE |

Plaintiffs bring this suit against the State of California, California Department of Corrections and Rehabilitation ("CDCR"), Governor Gavin Newsom, and CDCR Secretary Kathleen Allison. They allege that Paul Christopher, a state prisoner, was attacked by several non-defendant correctional officers at California State Prison, Los Angeles County, while on the phone with his father, Carrea Christopher, Jr. Plaintiffs seek to hold the four defendants responsible for this attack because each is allegedly aware both that such attacks happen daily and that correctional officers under their supervision engage in various forms of misconduct. ECF No. 15 at 2, 6. In terms of relief, plaintiffs ask for several million dollars in damages. *Id.* at 7. The claims must be dismissed.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).[1]  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] Only one of the plaintiffs is a prisoner.  However, the analysis of whether these claims should proceed past screening comes out the same when the more general *pro se* standard at 28 U.S.C. § 1915(e)(2)(B) is employed.

**Analysis**

As explained in my previous screening order, plaintiffs' claims against the State of California and CDCR, all of which seek monetary damages, are barred by the Eleventh Amendment. *See Brown v. Cal. Dept. Of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). And their claims against Governor Newsom and Secretary Allison are non-cognizable because plaintiffs do not allege that either of these defendants knew or should have known about the specific attack at issue. Instead, plaintiffs allege that these individual defendants have ignored broad, systemic problems within CDCR. Even if this is true, however, it is insufficient to hold these defendants responsible for the attack on Paul Christopher.

A supervisory defendant may be held liable under § 1983 if there exists "either (1) his or her personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Here, there is no allegation that either Governor Newsom or Secretary Allison were personally involved in or had specific knowledge of the attack on Christopher.[2] It is true that knowledge of systemic problems across the California state prison system might inform a supervisor that attacks are more likely to occur. Such abstract knowledge does not establish the requisite causal connection, however. If it did, every instance of excessive use of force, inadequate medical care, or unsanitary prison conditions could be used to support a section 1983 claim against the governor or CDCR upper management. Indeed, acceptance of this thin chain of causality would support a section 1983 claim against the governor whenever any state system failed and resulted in a violation of a citizen's constitutional rights.

This is plaintiffs' second complaint and the deficiencies in the first have gone uncorrected. Accordingly, I ORDER the Clerk of Court to assign a district judge to this action.

Further, I RECOMMEND that plaintiffs' amended complaint, ECF No. 15, be DISMISSED without leave to amend for failure to state a cognizable claim.

---

[2] Plaintiffs do allege that there was documentation of the attack after it occurred. ECF No. 15 at 2. But even if defendants became aware of the specifics of the attack after the fact, it does not logically follow that they can be held responsible for failing to prevent it.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  June 15, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE